May it please the Court, my name is Amy Groff and I represent the Appellant Terrence Bivings in this case. I'd like to reserve five minutes for rebuttal, please. This case involves a pro se petitioner who has been deprived of all rights to federal review of his constitutional claims, essentially because the district judge failed to consider his two timely requests to amend his habeas petition. The critical issue in this case is the right to amend under the liberal standard of Rule 15a, not whether the petition as initially filed was a mixed petition or was procedurally defaulted. Was the petition actually filed? I mean it seems that what was filed was some kind of a brief, but that he claims he filed a petition, but the record doesn't show that an actual petition was filed. That's right. What the petitioner's memorandum in support of habeas corpus as his petition. My client believes that he did in fact file a petition on the Section 2254 form. His briefs refer to that petition, but there's no record of that having been received by the district court. But at this point I think that all parties appear to agree, as the district court did, that we'll treat the memorandum as a petition. In that memorandum, which I'll refer to as his petition, Mr. Bivings raised two claims that he recognized were not exhausted, and he mentioned but did not expressly raise several claims that had been exhausted in state court. Because of this, the magistrate judge concluded that the claims were not exhausted because the time for filing them in state court had expired. She concluded that the petition was of receiving that report, Mr. Bivings filed objections to the report in which he repeatedly asked for, among other things, the opportunity to amend the petition so that he could delete unexhausted claims and add claims that had been exhausted in state court. In the very first sentence of his petition, very first paragraph, he asked for leave to amend and repeatedly asked for that. Although it was in the context of what he believed was a mixed petition, he made those requests and he made them clearly. The district judge adopted the magistrate's report without ever considering those requests to amend. He made no ruling or comment on them. Again, Mr. Bivings tried again to obtain leave to amend. He filed a Rule 59e motion to alter or amend the judgment in which he again repeatedly asked for leave to amend the petition, among other things. At that point, the district judge denied the request. He indicated that there are no unexhausted claims. Presumably he meant no exhausted claims and noted that the petition was not mixed and therefore a stay in abeyance was inappropriate. He never even addressed the request to amend in that pleading as well. The failure to even consider these requests to amend is in and of itself an abuse of discretion, and the Supreme Court has recognized that in Fohman v. Davis. Additionally, the Supreme Court made clear that the requirement that leave to amend be freely given when justice so requires, that limits a district judge's discretion to deny leave to amend, and the court recognized the type of situations in which it's appropriate to deny leave. And in this case... As I read the record, there's no allegation here that allowing the amendment would create any kind of prejudice or this bad faith or result in delay. The kinds of factors in Fohman would allow for a more stringent interpretation of Rule 15. The Commonwealth has made no argument that those factors are present. Reading their brief very liberally, the closest argument that would come within the Fohman factors would be the it would be futile to amend the brief. However, the position that the Commonwealth takes is really an argument on the merits, and it doesn't consider the appropriate standard for determining whether a proposed amendment would be futile. And essentially, the courts have made clear that that standard is equivalent to a 12B6 motion to dismiss. What this court determined in granting the Certificate of Appealability is essentially that Mr. Bivings has made a substantial showing of a violation of his constitutional rights. Specifically, the merits panel determined that two of the various claims for which he sought... You don't mean merits panel, you mean motions panel. Pardon me, yes, motion panel. Two valid under slack. Exactly, which essentially means that jurists of reason would find it debatable as to whether or not a valid claim has been stated. So in this case, Mr. Bivings has met the minimal threshold to show that these are not futile claims. They're not frivolous. He's made a substantial showing that there could be merit to the claims if they were reviewed on remand. I'd be happy to address in more detail the merits of the claims and why even outside of the standard of a 12B6 motion, why these claims are not futile, if that would be helpful to the court. Can I ask you a procedural question? Sure. Assuming, for argument's sake, that the case was remanded to the district court to determine whether it should allow the amendment to amend his petition to raise only these two claims, would the district court be permitted to do a slack analysis at that point, or do you consider that the motions panel has foreclosed that and they have to proceed right to the merits? My position is that the district court should be ordered to proceed to the merits. In other words, they can't do that. We have, meaning the motions panel, has precluded a subsequent slack analysis on those two claims. I submit that the district... That's what's argued basically in the red brief. That's basically what's argued, is that they don't meet the slack standard. That's the whole second point of the red brief. Right. Although I would indicate that the Commonwealth appears to take it further than looking at it within that context. They're really delving into the merits of whether or not Mr. Bivings would eventually prevail on those claims. Our position is that this court, just like the Third Circuit in Riley-Taylor and Kaiser v. Electric, this court can review the record and determine that the amendment should have been permitted and therefore remand to the district court with an order that Mr. Bivings be permitted to amend the complaint to add the two claims recognized as valid. The district court has never done a slack analysis. It appears that it's not, correct. Never. I mean, they've never... I just have a little trouble with the motions panel. Somehow they're making a binding determination that slack has been satisfied. In other words, it's their deciding whether to issue a certificate of appealability, but I don't know whether that is enough to say to the district court when you go back and they're now considering whether the amendment should be allowed to say, well, you don't have to do a slack analysis. Our certificate of appealability analysis covers that. You go right to the merits. I mean, maybe that's the right result. I don't know, but it's not self-evident to me that it is, the decision to grant a certificate of appealability is the same as the slack analysis the district court should have done, assuming we rule that in the first instance. Well, and the analysis under a futility justification, it's similar to slack. It's actually a 12B6 analysis, but that standard essentially by meeting the slack standard, it's very similar to the 12B6 standard. So it's my position that this court could, looking at the record, determine that it would not have been futile for Mr. Biggins to be permitted to add those claims to his petition. And this court as a merits panel could make that determination and remand it with an order that the petition be amended. With respect to futility, I think it's helpful to look at Riley v. Taylor, the Third Circuit case, which is very similar to, if not more compelling than, this case. In Riley, a habeas petitioner who was represented by counsel requested leave to amend the petition to, among other things, add two new claims to his habeas petition. The court found that even though he requested six months to make the amendment, which would make the amended petition put into place essentially a year after the fact, under those circumstances, this court permitted the amendment. They focused, in looking at the futility element, they focused on the fact that the claims were exhausted, that they were not procedurally defaulted, and that the claims may have arguable merit. And that was the language of this court in Riley. And I submit that this case is very similar to that, if not a stronger case, based on the fact that Mr. Bivins was, in fact, a pro se petitioner. His pleading should be construed liberally. He made the request to amend. None of the factors identified by the Supreme Court in Foman were present. And moreover, the district judge failed to give a justification, which in and of itself is a basis for finding an abuse of discretion. Accordingly, we would ask that this court reverse the denial of the writ of habeas corpus and remand to the district court, with an order that the petition be permitted to be amended, to add the two claims that this court has found to be valid. Thank you, Ms. Brown. Did you reserve time? I can't remember now. Pardon? Did you reserve rebuttal time? I reserved five minutes. Okay, great. Thank you. Thanks. Thank you. May it please the court, my name is Robert Fallon from the Montgomery County DA's office, representing the Appalachians. Your honors, our argument can be boiled down to two things. And the first is the timing of the defendant's request to amend his habeas petition. It was within the time allowed to amend, though, wasn't it? The time required to... It was filed... I would say no. I would say that... Oh, you'd say that? Right. Under United States versus... I'm sorry, your honor. Under United States... I see what you're saying. Under United States versus Dufus, he was within the habeas statute's limitation period. Yes, your honor. So, yes, he was within that time period. Is it really the beginning of it? I mean, pretty much. The year period. Yeah, I think it was... About half a year. A couple of months, but it was... Right. I mean, he wasn't at the... With three days left before the year expired. Right. He had at least several months left. He was well within that time frame. In fact, as opposing counsel pointed out in a brief, even the motion to alter or amend the judgment was filed within the habeas statute's limitations period. Given our precedent of Dufus and how... Help me understand your initial statement that he filed it too late. He filed it after the magistrate judge had ruled on his petition, and he didn't file it... He didn't raise the claims in his initial petition. Now, there's some factual... What's wrong with that, especially given the... I mean, if the magistrate judge comes down and issues an error and are suggesting that the petition should be dismissed, points out these flaws in the petition, and he comes in and says, well, wait, let me... I can probably secure that with an amendment. Let me amend to add exhausted claims and perhaps remove any unexhausted claims. I mean, isn't that exactly the way it's supposed to work? Well, it's supposed to work in that he's supposed to raise all the claims he wants to raise in that standard form petition. Also, the Commonwealth filed an answer making the point that he had only raised two issues in his habeas petition, those being the two related to Batson, and we argued that they were procedurally defaulted. So he was on notice that if he intended to raise his properly exhausted claims, there was a problem. Yet he didn't file anything with the district court until after he got an unfavorable disposition. Under the rules, under Fuhrman, under Dufus, of what consequence is that? Well, my... Since we've got a policy petition. Right, and that would lead into the second part of my argument, and that is the specific legal context in which he raised the request has to be examined. He didn't file a motion under Rule 15. Instead, he argued that he was entitled under Rose v. Lundy to proceed either in state court or to proceed in federal court by deleting his unexhausted claims and proceeding with his exhausted claims. And the district court, I believe, simply stated, you do not have an expedition. Therefore, the procedural choice outlined in Rose v. Lundy and its progeny doesn't apply to you. It wasn't... The argument that the defendant is making now is different than the one he presented to the district court. The district court was never presented with a motion or a request under Rule 15. The district court, though, was presented with, take it in context, a request to amend the petition to proceed only on exhausted claims. To add the exhausted claims. Right. And drop the unexhausted claims. That was the amendment he wanted to make. And the district court never ruled on that. It simply said, these claims that you do have now are barred. I don't think he's arguing that. He's saying, okay, they're barred. Let me amend to give you claims that are not procedurally barred. Right. I view the district court as kind of cutting off the defense argument at the beginning and saying, you don't have a mixed petition. Therefore, we don't get to the procedural choice of Rose v. Lundy. Now, the district court could have then gone a step further and said, moreover, I'm going to, because you're a pro se prisoner, construe it liberally as a request under Rule 15 and here are the reasons for granting or denying it. The district court didn't do that. It didn't take that extra step. Had they done that, you're not arguing that that would have resulted in any prejudice to the commonwealth or resulted in undue delay or they're being motivated by bad faith. You're not alleging any of that. No, Your Honor. I'm simply stating that the district court rejected the argument that was presented to it and it didn't take an extra step to then construe a different argument, which is now being presented on appeal. And I think because it is an abuse of discretion standard, I think it's important to remember that the district court wasn't presented with this argument. Therefore, it didn't address Rule 15 because the defendant didn't make that argument. Instead, its legal analysis was, in fact, correct if we're in the universe of Rose v. Lundy. The defendant didn't have a mixed petition. But you say it wasn't presented and it says, he says if the court finds that Batson is procedurally defaulted, quote, petitioner wishes to proceed in this matter with the claims presented in his petition that are properly exhausted in state court. Right. And the petition lists five, quote, exhausted claims. Right. Now, how can you say that wasn't presented to the district court? Well, the request to amend was presented, but under a different legal theory than Rule 15. It was presented under that Rose v. Lundy framework. So are they vastly different legal arguments? No, but they are different. And under the abuse of discretion standard, I think that's important, as well as the timing of the defendant's request. He waited until after the R&R came down. And so I think that's another consideration. In addition to the fact that he didn't identify these claims in his initial pleading. And on the standard form, again, we Didn't identify what claims? The properly exhausted claims. He didn't He identified them. He mentioned them. In the procedural history section. I mean, he made it clear. I mean, I'm looking at his Right, right. One, two, three, four, five. Well, actually, he listed many more. He listed all of the claims he presented at every level of the state court system. Right, but it's very, I mean, in here, he made the court aware that he had, at some point in the proceeding, complained about the DNA stipulation. And then he complained about the Miranda issue as to the taped, secretly taped conversation. Right. Two issues that the C of A was granted on. And he comes to a point well within the year period. He said, look, I want to amend, I want to pursue just those two claims. And I'll drop any other claim that I have. And those two have been exhausted. Right, well, I think What bars him from doing that? I think if there's going to be a ruling that a district court has to address all the claims a defendant raises in a procedural section of a pro se brief, I think that might create some problems. And again, I go back to the standard Didn't the court say that in Foreman? That it's got to be liberally construed. You can focus in on that and present it in terms of, well, raise, consider all the claims raised in the procedural part of the brief. But the court clearly was told what he wanted to do. And maybe put it into the wrong room of numeral writing, around the wrong stick of paper. But the court had before it exactly what claims he wanted to pursue under Rose B. Lundy. And how do we follow, if we go your way, how can we write an opinion which is consistent with the Supreme Court's decision in Foreman? Or the timing issue that we considered in Dufus? Well, in Dufus, the concern was That was just timing. Let's look on Foreman. How can we write it your way? Without kind of forgetting that Foreman stands out there. Right. I think the answer, Your Honor, is that Foreman deals with a different legal analysis under Rule 15. Whereas what the district court was presented with was the habeas issue of mixed petitions under Rose versus Lundy. Now, both of those two different legal analysis deal with the issue of amendments, but in different contexts and they're different standards. So I think you would distinguish Foreman by saying that that deals with another issue that wasn't squarely presented to the district court. And the district court didn't abuse its discretion in making that Foreman type of argument on behalf of the defendant in this case. Now, the court said in Foreman, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason, we've talked about this delay, bad faith, dilatory, none of that is there. And then the court says that the leave should, as the rules require, be freely given. And it does seem to me we really have to constrain the breadth of Foreman and of Rule 15 if we were to say, well, you really did not do it therefore you're out of luck, even though the district court never even allowed you to do what you're asking to do and simply noted that you've got unexhausted claims here and therefore denying your petition. What he was asking was to amend it to fix that, which Foreman seems to be saying that should be freely given absent certain circumstances that are not in this case. Well, Your Honor, I think the issue, as I see it, is not so much Rule 15, but how liberally must a district court interpret pro se pleadings? I just read you what's being said about it and sometimes the right things that are not really clear, we have to spend a lot of time and have our law clerks delving into where is the majority here, is it plurality, what's the whole of the case? This is pretty clear, they came out and said it. Should be afforded an opportunity to test this claim on the merits and there's a whole body of case law about how we view pro se plaintiffs, but I do understand what you're arguing. Okay, thank you, Your Honor, and I would just add that if there was a rule that would suggest to district courts and pro se litigants that it's an abuse of discretion to deny an amendment after an unfavorable R&R, I think that would kind of belong the same track as concern in DUFUS would be that that would delay finality and encourage piecemeal litigation and I don't think it was the case here, but some creative prisoners, if they got an unfavorable R&R, would hit the reset button, file an amendment, erase some other claims. So I think that's a result that I think should be avoided. So thank you, Your Honors. Thank you very much. Ms. Groff, you have some time. He does make a decent policy argument, doesn't he, about the timing after the R&R is decided? Well, it's our position that, first of all, this as a matter of law was timely filed. There had not been a final adjudication yet on his petition. It was simply a report and recommendation of the magistrate judge. Mr. Bivings filed his request to amend within days of receiving that report. For purposes of things like a successive petition bar, that's not considered a final adjudication. So there's been no improper delay in this case. Essentially, if you look at it from a practical standpoint, this was the first opportunity Mr. Bivings had to respond to what the magistrate judge decided. The magistrate judge ordered the Commonwealth to answer the petition and file a supporting brief, and then the magistrate issued her report and recommendation. Upon receiving that report, Mr. Bivings sought leave to amend. That was well within the permitted time. As you acknowledged, it was well within the one-year statute of limitations. It was about just over six months into the year. I would also point out that in Fohman v. Davis, the request to amend came in a Rule 59e motion, which was after a decision on the merits. So this is certainly worth noting that in this case, Mr. Bivings did more than that. He made a request after the report was issued before a final judgment had been entered on his petition. I'm sorry, what case were you talking about there? Fohman v. Davis. With respect to the policy argument that prisoners could use this to delay finality, I think that has to be weighed against the very strong policy arguments that support decisions on the merits. The Supreme Court has made abundantly clear that we don't want individuals losing their rights to federal review of constitutional claims based on a mere technicality in pleading. So I think that's an important counterbalancing policy argument to consider. With respect to what label Mr. Bivings may have given this petition, that's not something that should affect the outcome in this case. Mr. Bivings made clear what it was he was requesting. He sought leave to add the five specific exhaustive claims that he labeled A through E in his objections. This court in the United States v. Miller recognized that courts have an obligation when there's a pro se litigant to determine whether the claim presented could be recognized under some other type of framework. And that's a perfect example of what should have been done in this case. Mr. Bivings was not required to label the case request for leave to amend pursuant to Rule 15a, particularly as a pro se petitioner. He made clear to the judge what it was he wanted to do. The documents that he filed showed that he was requesting leave and it was the court's obligation to determine whether or not it was appropriate at that stage under the applicable law to grant such a request. Finally, I would note that the Commonwealth has conceded that none of the felon factors such as undue delay, dilatory motive, etc. are present. So based on that concession, this court, in my opinion, has no choice but to find an abuse of discretion by the trial judge. Thank you. Thank you. I'm going to take the matter and advise and retain counsel for your helpful argument. Next matter of matter is Baginakis, I consider, this is expressed.